Sebastian H. JIMINEZ, Petitioner–Appellant,

v.

Bertram RICE, Warden, Respondent–Appellee.

No. 99–15574.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2000

Submission Deferred April 24, 2001

Submitted Aug. 21, 2001

Filed Dec. 28, 2001

Peter F. Goldscheider, Palo Alto, California, for the petitioner-appellant.

Frances Marie Dogan, Deputy Attorney General, San Francisco, California, for the respondent-appellee.

Before: SCHROEDER, Chief Judge, BEEZER and TROTT, Circuit Judges.

BEEZER, Circuit Judge:

Sebastian H. Jiminez appeals the dismissal with prejudice of his 28 U.S.C. § 2254 (1994 & Supp. II 1996) petition. Because Jiminez did not exhaust state remedies before filing his federal habeas petition, the district court granted Warden Bertram Rice's motion to dismiss. We have jurisdiction pursuant to 28 U.S.C. § 2253 (Supp. II 1996), and we affirm.

I

Jiminez is serving a forty-eight year sentence in a California prison for his 1992 state conviction for child molestation and the commission of lewd and lascivious acts with a child under the age of fourteen. On November 24, 1993, the California Court of Appeal affirmed the conviction. Jiminez did not appeal.

On April 23, 1997, Jiminez filed in the Northern District of California a petition for a writ of habeas corpus pursuant to section 2254. The petition alleged that Jiminez received ineffective assistance of counsel and that the state trial court violated his Fifth Amendment right to testify by denying him an adequate interpreter. Jiminez says that he filed the petition to satisfy the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d) (Supp. II 1996).

On July 21, 1997, Rice moved to dismiss the petition for failure to exhaust state remedies. Jiminez opposed the motion on January 5, 1998 and asked the district court to stay the federal proceedings to allow for exhaustion.

On March 3, 1998, Jiminez petitioned the California Supreme Court for a writ of habeas corpus. Jiminez notified the district court of the state petition on March 11, 1998 and requested that the district court defer any action on his pending federal petition until the California Supreme Court acted.

On September 30, 1998, the district court ordered "[t]he parties ... to advise the court by October 23, 1998 of the status of the petition to the California Supreme Court." The California Supreme Court denied Jiminez' petition on September 30, 1998. The district court subsequently requested briefing from the parties on the effect of the state decision on Rice's motion to dismiss.

On February 8, 1999, the district court dismissed Jiminez' habeas petition with prejudice. The court held that it must dismiss a petition that contained only claims that were unexhausted "[a]t the time the petition was filed," and that "any later petition which might be filed now that [Jiminez] has apparently exhausted his state claims would be time-barred by the AEDPA." Jiminez appeals.

II

■ The habeas exhaustion requirement, as codified by AEDPA, directs that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State; or ... there is an

absence of available State corrective process; or ... circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "In furtherance of Congress's desire to accelerate the federal habeas process, AEDPA imposed a one-year statute of limitations on the filing of a federal habeas corpus petition by a state prisoner." *Nino v. Galaza*, 183 F.3d 1003, 1004–05 (9th Cir.1999) (internal quotation marks and citation omitted) (citing 28 U.S.C. § 2244(d)(1)), *cert. denied*, 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000).

■■■ Although Jiminez satisfied the one-year limitations period, the district court dismissed the petition with prejudice because of Jiminez' failure to exhaust state remedies. "We review de novo the district court's order dismissing a habeas corpus petition." *Edelbacher v. Calderon*, 160 F.3d 582, 583 (9th Cir.1998). Whether dismissal with prejudice was warranted because Jiminez is time-barred from filing a subsequent federal petition is a question of law which we review de novo. *Cf. Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991) ("Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.").

### III

Jiminez argues that the district court improperly dismissed his petition because, at the time of dismissal, the state claims were exhausted. We disagree.

■■■ The Supreme Court has stated that section 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 71 L.Ed.2d 379

(1982); *see* 28 U.S.C. § 2254(b)(1)(A) (Supp. II 1996). Once Rice moved for dismissal, the district court was "obliged to dismiss immediately," as the petition contained no exhausted claims. *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir. 1997).

We hold that the district court properly dismissed Jiminez' petition for failure to exhaust state remedies.

### IV

■■■ Jiminez argues that the district court's delay in acting on the petition should equitably estop it from raising the failure to exhaust state remedies. It appears that Jiminez suggests that equitable tolling should apply as well. Jiminez failed to raise either argument before the district court.

■■■ "As a general rule, we will not consider an issue raised for the first time on appeal...." *Bolker v. Commissioner*, 760 F.2d 1039, 1042 (9th Cir.1985). Because Jiminez' new claims are not pure questions of law, we decline to consider them. *See id.*

### V

The district court dismissed the petition with prejudice because "any later petition which might be filed ... would be time-barred by the AEDPA." Jiminez asserts that the district court erred in dismissing his petition *with prejudice* because he could have filed a new petition within AEDPA's one-year statute of limitations. We disagree.

■■■ The limitations period expired on April 23, 1997, *see Dictado v. Ducharme*, 244 F.3d 724, 725 (2001) (en banc), but is tolled during the time that "State post-conviction or other collateral review" is pending, 28 U.S.C. § 2244(d)(2). If § 2244(d)(2) tolls the limitations period

while a federal petition is pending, Jiminez conceivably could have filed a timely successive petition immediately after the district court dismissed his original petition.

The Supreme Court recently held that an application for federal habeas corpus relief does not toll the limitations period pursuant to . § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (Section 2244(d)(2) "[does] not toll the limitation period during the pendency of respondent's first federal habeas petition"). The Court based its holding on its determination that § 2244(d)(2)'s reference to "state post-conviction or other collateral review" serves to toll the limitations period only during the pendency of *state,* not federal, habeas corpus petitions. *Id.* at 2124–29.

The *Duncan* Court expressly declined to consider the case of a petitioner whose initial federal petition is timely, and dismissed on exhaustion grounds *after* the AEDPA limitations period has passed. *See id.* (noting the "potential for unfairness to litigants who file timely federal habeas petitions that are dismissed without prejudice after the limitation period has expired"). In *Duncan,* the litigant's federal petition was dismissed more than nine months before the limitations period had expired. Although the petition here was dismissed nearly two years *after* the time limit expired, we also need not consider the issue *Duncan* declined to reach, because, as we have already noted in Section IV, the petitioner failed to preserve any equitable estoppel or equitable tolling claims in the district court.

■ We have noted that a state habeas petition filed *before* the AEDPA statute of limitations begins to run tolls the limitation period. *Tillema v. Long*, 253 F.3d 494 (9th Cir.2001) ("It is undisputed that if [petitioner's state petition] tolled AEDPA's statute of limitations, the [federal] petition was timely filed: the [state] motion was filed … before the [AEDPA] limitations period began to run[.]"). Here, in contrast, Jiminez filed his state habeas petition on March 3, 1998, well after the AEDPA statute of limitations ended. That delay resulted in an absolute time bar to refiling after his state claims were exhausted.

The Eleventh Circuit has recently addressed, in passing, a similar issue. *See Tinker v. Moore,* 255 F.3d 1331 (11th Cir. 2001). *Tinker* involved a habeas petitioner who filed his state petition for post-conviction relief after the one-year AEDPA federal limitations period had passed. *Id.* at 1332. The court concluded that habeas petitioners who delay in filing their state petitions bear the risk of federal procedural default, and should be held responsible for their failure to fulfill the long-standing requirement that they exhaust state remedies. 255 F.3d at 1335 n. 4 ("[A] properly and timely filed petition in state court only tolls the time remaining in the federal limitation period. Thus, care must be taken to assure that sufficient time remains within the federal statutory period to file the federal petition.") (citing *Duncan,* 121 S.Ct. at 2127). We express no opinion with respect to the limitations period if the district court retains jurisdiction over the exhausted claims and stays further proceedings pending prompt exhaustion.

This case does not present circumstances justifying another stay. Jiminez' initial petition was entirely unexhausted. Jiminez' March 3, 1998, petition to the California Supreme Court was far beyond the April 23, 1997, AEDPA deadline.

## VI

We hold that section 2244(d)(2) does not toll the AEDPA limitations period while a federal habeas petition is pending. Jiminez

therefore has exceeded the time for filing another federal petition, and dismissal with prejudice was appropriate.

AFFIRMED.