Arthur Joseph BREWER, Petitioner—
Appellant,

v.

Miles LONG,* Respondent—Appellee.

No. 01–16230.
D.C. No. CV–99–00120–PMP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 14, 2002.

Decided April 5, 2002.

Before RYMER, KLEINFELD, and
McKEOWN, Circuit Judges.

## MEMORANDUM **

Petitioner–Appellant Arthur Brewer appeals the district court's dismissal of his habeas corpus petition for failure to ex-

* Miles Long is substituted for his predecessor, E.K. McDaniel, as warden. Fed. R.App. P. 43(c)(2).

haust state remedies, and urges the court to remand for an evidentiary hearing on whether he is entitled to equitable tolling of the statute of limitations for filing the petition.

Initially, the state contends that this court lacks jurisdiction over the appeal because the district court's certificate of appealability was defective. We disagree. "There is no doubt that issuance of a certificate of appealability is a jurisdictional prerequisite to appeal." *Gatlin v. Madding,* 189 F.3d 882, 886 (9th Cir.1999), *cert. denied,* 528 U.S. 1087, 120 S.Ct. 815, 145 L.Ed.2d 686 (2000). However, this certificate was adequate to satisfy jurisdictional requirements. *See id.; Furman v. Wood,* 190 F.3d 1002, 1005 (9th Cir.1999).

This petition as filed was wholly unexhausted, as petitioner's counsel appropriately noted at oral argument.[1] Because the petition contained no exhausted claims, the district court lacked jurisdiction and was obliged to dismiss the federal petition immediately; neither amendment nor a stay was permissible. *See Jiminez v. Rice,* 276 F.3d 478 (9th Cir.2001). Exhaustion is the only issue properly before us, because Brewer has failed to clearly raise the issues of excuse and procedural default on appeal. Because the petition was properly dismissed, we need not reach the equitable tolling issue.

AFFIRMED.

McKEOWN, Circuit Judge, Concurring in Part and Dissenting in Part.

Dismissal without prejudice for failure to exhaust is inappropriate where, as here, there was a claim of procedural default.

An exception to the exhaustion requirement allows consideration of unexhausted claims where "there is an absence of available state corrective process." 28 U.S.C. § 2254(b)(1)(B)(i); *see O'Sullivan v. Boerckel,* 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (stating that the majority agrees with Justice Stevens' "description of the interplay between" exhaustion and procedural default); *id.* at 853–56 (Stevens, J., dissenting). The exhaustion analysis is thus only the first step; the court must go on to consider procedural default, with its attendant excuses.[1]

Brewer asserts on appeal that the district court "refused to anticipate any procedural defaults," and specifically that "cause and prejudice" excuse his failure to exhaust Ground Two of his amended petition. The state remedies may well be procedurally defaulted, particularly under Nevada Revised Statute 34.726, which requires post-conviction petitions to be filed within a year. *See Pellegrini v. State,* 34 P.3d 519 (Nev.2001) (clarifying Nevada procedural law); *Petrocelli v. Angelone,* 248 F.3d 877, 887 (9th Cir.2001) (acknowledging "tension in our case law regarding the adequacy of Nevada's procedural bars"). Assuming the claims are defaulted, the petitioner's assertion of cause and prejudice as to Ground Two must be considered as a potential exception to the procedural bar.

I would therefore remand as to Ground Two, for consideration of procedural default and cause and prejudice. I agree that on appeal Brewer waived objection to this error as to Grounds One and Three. I

---

1. The state did not waive exhaustion. *See* 28 U.S.C. § 2254(b)(3).

1. This is a particularly critical step given that Antiterrorism and Effective Death Penalty Act time limits often mean that a dismissal with-

out prejudice has the effect of permanently barring the door to federal habeas corpus review-as it does here. *See* 28 U.S.C. § 2244(d)(1); *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

also agree with the majority's remaining determinations.