Submitted April 8, 2002.*

Decided April 16, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

## MEMORANDUM **

Darryl Wright, a California state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely under 28 U.S.C. § 2244(d)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of Wright's habeas petition, we review the district court's findings of fact for clear error, and we affirm. *See Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir. 1999).

Wright contends that his § 2254 petition was filed within the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitation period based on the date he diligently acquired newly discovered evidence.[1] *See* 28 U.S.C. § 2244(d)(1)(D) (the one-year time limit begins running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). The district court properly determined that § 2244(d)(1)(D) did not ap-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. On January 29, 2001, the district court issued a certificate of appealability on the issue of whether newly discovered evidence extended the statute of limitations period making Wright's petition timely. To date, Wright has not filed a motion under 9th Cir. R. 22–1(d)

ply because the record reflects that Wright knew about the "new" evidence at the time of trial. *See Hasan v. Galaza,* 254 F.3d 1150, 1154 n. 3 (9th Cir.2001) (stating the statute of limitations begins to run when the prisoner knows the important facts, not when the prisoner recognizes their legal significance). Accordingly, the district court's holding that § 2244(d)(1)(A) barred Wright's petition was correct. *See Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state habeas petition after AEDPA's one-year time period has elapsed bars federal habeas review).

AFFIRMED.

**Andrea L. KENT, Plaintiff–Appellant,**

**v.**

for broader certification to include several issues contained in his appellate brief: whether the district court is required to hold an evidentiary hearing to resolve his § 2254 motion, whether the district court erred by dismissing the petition based solely on a motion to dismiss, and whether the district court erred by relying on the documents submitted by the state with its motion to dismiss. The time for such a motion has expired, accordingly, we will not consider these contentions. *See* 9th Cir. R. 22–1(d); *Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

Jo Anne B. BARNHART,* Commissioner of the Social Security Administration, Defendant–Appellee.

No. 01–15411.

D.C. No. CV–99–06649–SMS.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2002.**

Decided April 16, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM ****

Andrea Kent appeals the district court's summary judgment affirming the Commissioner of Social Security's denial of her application for disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's summary judgment upholding the Commissioner's denial of benefits, reviewing for substantial evidence and legal error the Commissioner's decision. *Mayes v. Massanari,* 276 F.3d 453, 458–59 (9th Cir. 2001). We affirm.

Substantial evidence supports the Administrative Law Judge's ("ALJ") denial of benefits because Kent failed to meet her burden to establish that her obesity, hypertension, right-eye blindness, abdominal hernia, and lower back pain, constituted a

* Jo Anne B. Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities. *See Roberts v. Shalala,* 66 F.3d 179, 182 (9th Cir.1995). Accordingly, the ALJ properly determined that Kent was not disabled. *See Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir.1999).

Substantial evidence supports the ALJ's rejection of Kent's subjective pain testimony because the ALJ made specific findings to support his determination that Kent's complaints were exaggerated and that Kent failed to obtain treatment for her alleged pain. *See Orteza v. Shalala,* 50 F.3d 748, 750 (9th Cir.1995) (per curiam).

We reject Kent's contention that the ALJ erred by not utilizing Social Security Ruling 00–3p.

AFFIRMED.

R. Charles BRYFOGLE, Plaintiff—
Appellant,

v.

ARIZONA BOARD OF REGENTS,
et al., Defendants—Appellees.

No. 01–15907.

D.C. No. CV–92–00182–JMR.

United States Court of Appeals,
Ninth Circuit.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.