Angela **RYAN–BYRNE, Plaintiff— Appellant,**

v.

**CITY OF PACIFIC, Defendant— Appellee.**

No. 00–35809.

D.C. No. CV–99–01365–BJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2002.

Decided May 15, 2002.

Before RYMER, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM *

Angela Ryan–Byrne challenges her termination by the City of Pacific on First and Fourteenth Amendment grounds. The district court granted Pacific's motion for summary judgment. We affirm.

Ryan–Byrne claims that Pacific's termination was improperly motivated by her protected speech. We agree with her that her speech involved a matter of public concern. *See Roe v. San Francisco,* 109 F.3d 578, 585 (9th Cir.1997). Nevertheless, the district court properly analyzed all the relevant factors with respect to the balancing of interests, *see Gilbrook v. City of Westminster,* 177 F.3d 839, 867–68 (9th Cir.1999), and Ryan–Byrne's termination was justified by the city's interest in maintaining efficiency and avoiding disruption.

Ryan–Byrne argues that in a whistleblowing context, the city "must do more than show mere disruption; instead it must show actual injury to its legitimate interests." *Hufford v. McEnaney,* 249 F.3d 1142, 1149 (9th Cir.2001). Here, it has. Ryan–Byrne not only ignored Pacific's whistleblowing policy; she went beyond her chain-of-command and unnecessarily involved city council members in the city's executive affairs. Summary judgment was appropriate on Ryan–Byrne's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

First Amendment claims.[1]

Ryan–Byrne does not dispute that her employment is at the will of her employer. However, she claims that she has an implied employment contract as a result of her reliance on perceived "promises" in Pacific's policies of progressive disciplinary procedures. This claim must fail as a matter of law in light of the city policy manual's express, unqualified disclaimer of specific treatment and Ryan–Byrne's admission that she "signed an acknowledgment or receipt which stated that [she] read and understood the Policy Manual ...." *See Swanson v. Liquid Air Corp.,* 118 Wash.2d 512, 826 P.2d 664, 672 (Wash. 1992).

**AFFIRMED.**

---

**1.** Ryan–Byrne also argues for the first time on appeal that the city failed to properly investigate her conduct. Because she did not raise this issue before the district court, we will not consider it on appeal. *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.2001).