**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Bernard Wilson OYATEDOR, Defendant—Appellant.**

No. 01–10211.

D.C. No. CR–90–226–CAL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM [1]

Bernard Wilson Oyatedor, a federal prisoner, appeals the district court's denial of his pro se "motion to dismiss conviction." We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, *United States v. Muro–Inclan*, 249 F.3d 1180, 1182 (9th Cir.), *cert. denied*, —— U.S. ——,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

122 S.Ct. 180, 151 L.Ed.2d 125 (2001), we affirm.

To the extent Oyatedor's arguments go to the validity of his conviction, they should be raised in a motion under 28 U.S.C. § 2255. However, treating Oyatedor's motion as a post-conviction motion to dismiss the indictment, we affirm the district court's ruling. From our holding that suppression is not required for Vienna Convention violations, *see United States v. Lombera–Camorlinga,* 206 F.3d 882, 888 (9th Cir.) (en banc), *cert. denied,* 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 455 (2000), it necessarily follows that dismissal of the indictment is not required.

We decline to consider the other issues raised by Oyatedor because he did not raise them below. *See Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.2001).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.