**Gregory Lee GRAY, Petitioner–
Appellant,**

**v.**

**D.L. RUNNELS, Warden, Respondent–
Appellee.**

**No. 02–17059.**
**D.C. No. CV–01–02880–PJH.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 18, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). We deny Gray's requests for oral argument.

## MEMORANDUM**

California state prisoner Gregory Lee Gray appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition, which challenges his convictions and 30–years–to–life sentence for attempted carjacking and attempted kidnaping. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

The district court dismissed Gray's petition as time-barred. *See* 28 U.S.C. § 2244(d)(1) (stating that a one-year period of limitation applies to habeas corpus petitions filed by state prisoners). Gray contends that this dismissal was erroneous because he is entitled to equitable tolling on account of prison lockdowns. However, Gray was able to file an earlier federal petition on time and during a lockdown, and he filed the present petition during a lockdown. Because he thus has not shown that the lockdowns made it impossible for him to file a petition on time, he is not entitled to equitable tolling. *See Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (en banc) (stating that equitable tolling is available when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time") (internal quotation marks omitted), *overruled in part on other grounds by Woodford v. Garceau*, 538 U.S. 202, 123 S.Ct. 1398, 1403, 155 L.Ed.2d 363 (2003). The district court therefore properly dismissed Gray's petition.[1]

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We do not address Gray's other arguments because he did not raise them below and they are not included in the certificate of appealability. *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001) (declining to address issues raised for the first time on appeal), *cert. de-* nied, —— U.S. ——, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003); *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam) (stating that the Court of Appeals does not consider issues not included in the certificate of appealability).

