

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2003

# Haley v. Hendricks

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1599

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Haley v. Hendricks" (2003). *2003 Decisions.* Paper 56.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/56

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1599

CLARENCE HALEY,
Appellant

v.

ROY L. HENDRICKS, Administrator;
JOHN FARMER, JR.,
Attorney General of New Jersey

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 00-cv-04023)
District Judge:  Honorable Dennis M. Cavanaugh

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2003

Before:  RENDELL, BARRY and MAGILL*, Circuit Judges.

(Filed December 17, 2003)

OPINION OF THE COURT

*Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by
designation.

RENDELL, Circuit Judge.

Clarence Haley appeals from his judgment of sentence, arguing that the District Court erred in dismissing his amended petition for Writ of Habeas Corpus. The District Court had jurisdiction under 28 U.S.C. § 2254. We have jurisdiction to review Haley's appeal under 28 U.S.C. §§ 1291 and 2253. We will affirm.

As we write exclusively for the parties, we recite only those facts relevant to the issues before us. On July 16, 1992, a New Jersey trial court convicted Haley of first degree robbery and sentenced him to 20 years in prison. The Appellate Division affirmed Haley's judgment of sentence, and the New Jersey Supreme Court denied Haley's petition for certification. On February 3, 1997, Haley filed a *pro se* petition for post-conviction relief (PCR), which was denied. The Appellate Division affirmed and the New Jersey Supreme Court denied Haley's petition for certification on May 3, 1999. On December 27, 1999, Haley filed a *pro se* petition for Writ of Habeas Corpus in the United States District Court for the District of New Jersey ("the first petition"). On April 5, 2000, the District Court dismissed Haley's petition without prejudice after finding that Haley had failed to exhaust his state remedies. On August 17, 2000, Haley filed an amended *pro se* habeas petition in the District of New Jersey ("the amended petition"). The District Court dismissed Haley's amended petition under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) because it was untimely.

The District Court dismissed Haley's amended petition based only upon a review

2

of the state court record without holding an evidentiary hearing. As a result, our review is plenary. Everett v. Beard, 290 F.3d 500, 507 (3d Cir. 2002).

Haley concedes that his amended petition was untimely. Nevertheless, he argues that the District Court should have considered the merits of this petition under the doctrine of equitable tolling because his first petition was erroneously dismissed only one month prior to the one-year deadline under AEDPA, leaving Haley too little time to file his amended petition.[1] However, Haley did not raise this equitable tolling argument in the District Court. Therefore, we cannot reach the merits of this argument on appeal. See United States v. Melendez, 55 F.3d 130, 136 (3d Cir. 1995) (holding that when a defendant fails to raise an issue before the district court, the appellate court cannot

---

[1] We note that the District Court did not dismiss Haley's first habeas petition only one month before his filing deadline. Haley, the Government and the District Court erroneously assumed that Haley's filing deadline was *May 2, 2000*, one year from the date that the New Jersey Supreme Court denied certification on Haley's state PCR relief. However, Haley's actual federal habeas filing deadline was *July 24, 1999*.

This is true because Haley's judgment of sentence became final on March 8, 1995, before AEDPA's enactment on April 24, 1996. Therefore, Haley had until *April 23, 1997* to either file his federal habeas petition, or properly file a state PCR petition in order to toll the limitations period. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) (holding that petitioner has until April 23, 1997 to file first habeas petition or properly file for state relief if petitioner's sentence becomes final before AEDPA's enactment). Haley filed his state PCR petition on February 3, 1997, tolling the limitations period two months and 21 days before the April 23, 1997 deadline. Therefore, Haley had two months and 21 days from May 3, 1999, the date his state PCR relief was denied, to file for federal habeas relief, making the ultimate deadline *July 24, 1999*. Both Haley's first petition and his amended petition were filed after this deadline.

3

address it on appeal).[2]

Not only did Haley fail to argue equitable tolling in the District Court, but he failed to argue it in his amended habeas petition in response to the Government's assertion of the AEDPA one-year statute of limitations defense in its answer. Because Haley's equitable tolling claim was not raised in the District Court, we will not consider it for the first time on appeal. Thus, the District Court order will be affirmed.

---

[2] We note that the issue of whether a court should equitably toll an AEDPA statute of limitations is not a pure question of law. See Drew v. Dep't of Corr., 297 F.3d 1278, 1287 (11th Cir. 2002) (determination of whether a party was diligent in investigating and bringing her claims is a question of fact); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (equitable tolling claim is not a pure question of law). Therefore, it is not a matter we can address if the petitioner failed to raise this argument in the District Court. See Johnson v. Hendricks, 314 F.3d 159, 161 (3d Cir. 2002) (we reviewed merits of petitioner's equitable tolling argument *after* District Court ruled on the merits); United States v. $ 734,578.82 in United States Currency, 286 F.3d 641, 653 (3d Cir. 2002) (stating, "[w]e generally do not address issues that are raised for the first time on appeal."); Jiminez, 276 F.3d at 481 (declining to consider petitioner's equitable tolling claim because he failed to argue it before the District Court); Melendez, 55 F.3d at 136 (refusing to address issue on appeal that was not raised in the District Court).

TO THE CLERK OF COURT:

Please file the foregoing opinion.

/s/ Marjorie O. Rendell
Circuit Judge

Dated: December 17, 2003