**Marcellus Alexander GREENE,
Plaintiff—Appellant,**

v.

**P.L. VASQUEZ; et al., Defendants—
Appellees.**

No. 03–15679.

D.C. No. CV–00–00051–DFL/GGH.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 26, 2004.

Marcellus Alexander Greene, California State Prison, Represa, CA, pro se.

Michael G. Lee, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Defendants–Appellees.

Before O'SCANNLAIN, RYMER and BEA, Circuit Judges.

MEMORANDUM**

California state prisoner Marcellus Alexander Greene appeals pro se the district court's judgment for defendants in his 42 U.S.C. § 1983 action alleging that prison officials violated his Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Robi v. Reed,* 173 F.3d 736, 739 (9th Cir.1999), and we affirm.

The district court properly determined that Greene's allegations of verbal abuse did not state an actionable claim under the Eighth Amendment. *See Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir.1996), *amended by* 135 F.3d 1318 (9th Cir.1998). Further, Greene's speculation that he was assaulted because defendant Vasquez revealed his back injury to other inmates is insufficient to survive summary judgment. *See Nelson v. Pima Community College,* 83 F.3d 1075, 1081–82 (9th Cir.1996) (stating that "mere allegation and speculation do not create a factual dispute for purposes of summary judgment").

**AFFIRMED.**

**Michael D. BISHOP, Petitioner—
Appellant,**

v.

**Roy A. CASTRO, Warden,
Respondent—
Appellee.**

No. 03–16025.

D.C. No. CV–02–01127–FCD.

United States Court of Appeals,
Ninth Circuit.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted April 12, 2004.*

Decided April 26, 2004.

Michael D. Bishop, Susanville, CA, pro se.

David A. Lowe, AGCA—Office of the California Attorney General (SAC), Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before O'SCANNLAIN, RYMER and BEA, Circuit Judges.

## MEMORANDUM**

California state prisoner Michael Deon Bishop appeals *pro se* the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review *de novo, see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Bishop contends that he is entitled to statutory tolling because his first federal habeas petition was timely-filed, and thus he had an application for review "pending." However, an application for federal habeas relief does not toll the limitations period pursuant to section 2244(d)(2). *Duncan v. Walker,* 533 U.S. 167, 181–82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Bishop's subsequent filings in state court do not entitle him to tolling as they were filed after the statute of limitations had expired. *See Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir.2001).

Bishop also contends that he is entitled to equitable tolling, but has not alleged extraordinary circumstances beyond his control that prevented him from filing a timely petition. *See Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001), *cert denied,* 535 U.S. 1055, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002). Therefore, equitable tolling is not warranted. *See id.*

**AFFIRMED.**

Phillip **MORRIS, Jr.,** Petitioner—
Appellant,

v.

A.C. **NEWLAND, Warden,**
Respondent—
Appellee.

No. 03–16184.

D.C. No. CV–99–20535–JF.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 26, 2004.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).