Jeremy **STROHMEYER, Petitioner–Appellant,**

v.

**E.K. McDANIEL, et al., Respondents–Appellees.**

**No. 06–15925.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2007.*

Filed Feb. 23, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carmine J. Colucci, Esq., Carmine J. Colucci Chtd., Las Vegas, NV, Camille M.

Abate, Robert P. Preuss, New York, NY, for Petitioner–Appellant.

Victor H. Schulze, II, Nevada Attorney General's Office, Las Vegas, NV, for Respondents–Appellees.

Before: WALLACE, CUDAHY,[**] and McKEOWN, Circuit Judges.

MEMORANDUM [***]

Jeremy Strohmeyer pleaded guilty to first degree murder, first degree kidnapping and sexual assault of a minor under the age of sixteen pursuant to a plea agreement. Strohmeyer was sentenced to three consecutive terms of life imprisonment without the possibility of parole and one term of life imprisonment with the possibility of parole. Strohmeyer filed a petition for a writ of habeas corpus in the Nevada state court. After holding a two-day evidentiary hearing, the state trial court denied the petition and issued findings of fact and conclusions of law. The state court determined that Strohmeyer's plea was voluntary and his counsel was effective. The Nevada Supreme Court, finding support in the record for the trial court's factual determinations, denied the petition as well. Strohmeyer then filed a petition for habeas corpus in federal court. The federal district court denied the petition and certified four issues for review.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 2253. We review de novo a district court's denial of a habeas petition brought pursuant to 28 U.S.C.

---

[**] The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, is sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 2254. *Riley v. Payne,* 352 F.3d 1313, 1317 (9th Cir.2003). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs our review. We may only grant relief if the state court's decision was contrary to, or an unreasonable application of, clearly established federal law as defined by the United States Supreme Court, or based on unreasonable factual determinations. 28 U.S.C. § 2254(d); *see also Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003); *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

■ The petitioner first contends that the district court erred by failing to separate the legal conclusions from the factual determinations made by the state court as required by *Lambert v. Blodgett,* 393 F.3d 943 (9th Cir.2004), and, consequently, erred by giving deference to mixed determinations of fact and law.

Although the district court did not explicitly state that it was separating the state court's findings of fact from its conclusions of law, the court did just that. The district court appropriately reviewed the determinations of fact for reasonableness pursuant to § 2254(d)(2), and correctly reviewed the state court's conclusions of law—namely that Strohmeyer's plea was voluntary and that he was not denied effective assistance of counsel—pursuant to § 2254(d)(1).

The petitioner also argues that the district court relied on, and gave deference to, the state court's rejection of facts, rather than its factual findings. This distinction is meaningless. The state court's finding that something *was not* the case, for example, that petitioner *was not* told that his sentences had to run consecutively, is as much a factual determination as a finding by the court that something *was* the case.

■ The second issue on appeal concerns the petitioner's request for an evidentiary hearing in federal court. Strohmeyer has failed to meet the requirements for an evidentiary hearing set forth in 28 U.S.C. § 2254(e)(2). Strohmeyer's request appears to be grounded solely in his dissatisfaction with the state trial court's factual findings.

Next, the petitioner argues that the state trial court's findings of fact were unreasonable because they were directly contradicted by the testimony that Strohmeyer's trial counsel, Leslie Abramson and Richard Wright, gave at the hearing. The petitioner's interpretation of the evidentiary hearing testimony is unpersuasive. The state trial court made specific findings of fact, which are supported by the record, rejecting the petitioner's allegations. The state trial court's factual determinations were not objectively unreasonable.

In contesting the reasonableness of the state court's factual findings, the petitioner also argues that it was unreasonable for the state court and the federal district court to ignore Richard Wright's alleged conflict of interest. This claim was raised neither below nor in the state court proceedings, and therefore, we lack jurisdiction to consider it. 28 U.S.C. § 2254(b); *see also Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.2001).

■ Lastly, the petitioner argues that the state court's determinations—that Strohmeyer received constitutionally effective counsel and that his plea was voluntary—are contrary to, or an unreasonable application of, *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner specifically contends that his trial counsel provided him with inaccurate information concerning his possible sentencing outcomes and his right to appeal.

The petitioner's argument, here, rests on his allegation that his trial counsel pro-

vided him with "erroneous advice." The state trial court found to the contrary, concluding that the advice Strohmeyer received was "legally and factually accurate and sufficiently detailed." The court further found that neither attorney told Strohmeyer that "the Court was mandated to run all sentences consecutively," or that he "could not then appeal issues raised pretrial."

Given that the state court's findings of fact were not objectively unreasonable, they are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). In light of these factual determinations, the state court's decision that Strohmeyer's counsel was constitutionally effective and that his plea was voluntary does not constitute an unreasonable application of clearly established federal law as defined by the United States Supreme Court.

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.