Randal N. WIIDEMAN, Petitioner–Appellant,

v.

Glen WHORTON, Director of the Nevada Department of Corrections, Respondent–Appellee.

No. 06–16070.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Aug. 27, 2007.*

Filed Aug. 31, 2007.

Randal N. Wiideman, Lovelock, NV, pro se.

David K. Neidert, Esq., AGNV–Office of the Nevada Attorney General, Reno, NV, for Respondent–Appellee.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

### MEMORANDUM **

Nevada state prisoner Randal N. Wiideman appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ Wiideman contends that the district court erred in dismissing his petition as time-barred, because the petition related back to his original timely-filed petition pursuant to Federal Rule of Civil Procedure 15(c)(2). We conclude that because the district court dismissed the original petition, Wiideman's petition cannot relate back to that original petition. *See Rasberry v. Garcia,* 448 F.3d 1150, 1155 (9th Cir.2006) (holding that "a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition").

■ Wiideman also contends that his original petition was erroneously dismissed such that he is entitled to equitable tolling. We conclude that the district court did not err in dismissing the original petition as mixed, because some of the claims were unexhausted at the time that Wiideman filed the petition, *see Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.2001), and the district court properly offered Wiideman an administrative closure procedure that was the equivalent of a stay and abeyance procedure, *see Rhines v. Weber,* 544 U.S. 269,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

278, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

To the extent that Wiideman's brief raises uncertified issues, we construe his arguments as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**