**Kyle C. SHERROD, Petitioner–Appellant,**

v.

**Jean HILL, Respondent–Appellee.**

No. 07–35650.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 30, 2008.

Steven T. Wax, Esquire, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Cecil A. Reniche–Smith, Esquire, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: GOODWIN, WALLACE and RYMER, Circuit Judges.

MEMORANDUM **

Oregon state prisoner Kyle C. Sherrod appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Sherrod contends that he is entitled to equitable tolling of the statute of limitations, and his petition is therefore not time-barred, because the inmate legal assistant with whom he entrusted his peti-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion failed to file the petition properly. We reject this contention because Sherrod has not demonstrated that this was an extraordinary circumstance that stood in his way and prevented timely filing. *See Lawrence v. Florida,* 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007); *Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir.2006).

Sherrod also contends that he should have received an evidentiary hearing. We conclude that an evidentiary hearing was not warranted because, even if his allegations are true, he would not be entitled to equitable tolling. *See Roy,* 465 F.3d at 969.

Finally, Sherrod contends that the inmate legal assistant's actions should be imputed to the state and that the state should therefore be precluded from raising the fact that the limitations period expired long before Sherrod entrusted his petition to the inmate legal assistant. We decline to reach the merits of this argument because it is raised for the first time on appeal. *See Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.2001).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.