**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREW BRINKLEY,

                Petitioner - Appellant,

   v.

JAMES E. TILTON, Director of Corrections and Rehabilitation,,

                Respondent - Appellee.

No. 07-16784

D.C. No. CV-06-02189-GEB/GGH

MEMORANDUM [*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted January 28, 2010 [**]

Before:    FARRIS, HALL, and LEAVY, Circuit Judges.

California state prisoner James Andrew Brinkley appeals pro se from the

district court's judgment dismissing his 28 U.S.C. § 2254 petition. We have

jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Brinkley contends the district court erred in dismissing his § 2254 petition as untimely because he is entitled to statutory and equitable tolling. This contention lacks merit.

We review de novo, and we may affirm on any ground supported by the record. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Weaver v. Thompson*, 197 F.3d 359, 362 (9th Cir. 1999).

Brinkley's conviction became final on April 22, 2004. Cal. Rules of Ct., Rules 8.264 (formerly Rule 24), 8.268(c) (formerly Rule 25), 8.366 (formerly Rule 33.1) and 8.500(e) (formerly Rule 28). Brinkley's § 2254 petition was due under the AEDPA one-year statute of limitations by April 22, 2005. 28 U.S.C. § 2244(d)(1)(A); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). There is no basis to apply statutory tolling because the one-year limitations period had already expired by the time Brinkley filed his first state petition on May 16, 2005. *See* 28 U.S.C. § 2244(d)(2); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Nor has Brinkley established a basis for equitable tolling because he has not demonstrated that he pursued his claims with diligence or that extraordinary circumstances prevented him from timely filing his § 2254 petition. *Pace v.*

*DiGuglielmo,* 544 U.S. 408, 418 (2005); *Miranda v. Castro,* 292 F.3d 1063, 1065-66 (9th Cir. 2002).[1]

**AFFIRMED**.

---

[1] Brinkley's motion for judicial notice of lodged documents is denied as moot.