**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LOVELL S. BROWN,

               Petitioner - Appellant,

    v.

B. CURRY, Warden and ATTORNEY
GENERAL,

               Respondents - Appellees.

No. 09-16162

D.C. No. 2:07-cv-01474-MCE

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted September 27, 2011[**]

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

    California state prisoner Lovell S. Brown appeals from the district court's

dismissal of his 28 U.S.C. § 2254 habeas petition as untimely.  We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

As the district court determined, the statute of limitations was triggered on the date Brown's conviction became final because Brown knew or could have known the factual predicate of his claims by that time. *See* 28 U.S.C. § 2244(d)(1). Because Brown waited over three years from that date to file his federal petition, his claims are time-barred. *See id.* His state habeas petitions, which were filed after the expiration of the statute of limitations and denied as untimely, did not toll the statute. *See* 28 U.S.C. § 2244(d)(2); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (federal petition is time-barred where state habeas petition is first filed after expiration of the statute); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (a petition deemed untimely by the state court is not "properly filed" so as to entitle a petitioner to statutory tolling). Moreover, Brown has not made a credible showing of actual innocence sufficient to allow review of his time-barred claims. *See Lee v. Lampert*, No. 09-35276, 2011 WL 3275947, at *2, *13 (9th Cir. Aug. 2, 2011).

We are in receipt of Brown's letter, dated September 21, 2011. Nothing in the letter affects the timeliness of Brown's petition. Furthermore, state law sentencing errors, if any, are not cognizable on habeas review. *See Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989).

Counsel's motion to withdraw is granted.

**AFFIRMED.**