
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN LAMAR BROWN, | No. 18-15727 |
| Petitioner-Appellant, | D.C. No. 2:02-cv-00770-GMN-PAL |
| v. | |
| STATE OF NEVADA; RICK WALKER; BILL DONAT, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted December 2, 2019[**]
San Francisco, California

Before: SILER,[***] BYBEE, and R. NELSON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Appellant Brian Brown filed a petition for habeas corpus under 28 U.S.C. § 2254, alleging that his constitutional rights had been violated during his criminal trial. The district court denied the habeas petition. We granted a certificate of appealability on the issue of "whether the prosecutor committed prejudicial misconduct during closing arguments." Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

We review the Nevada Supreme Court's 1999 decision on Brown's direct appeal of his conviction because it is the last reasoned state-court decision addressing the issue at hand. *See Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003). We may not grant habeas relief under these circumstances unless the Nevada Supreme Court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

A prosecutor's improper comments violate a defendant's constitutional rights only if the comments "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

2

Any curative instructions given by the trial court and "heavy" evidence of the defendant's guilt soften the impact of improper comments. *See id.* at 182.

The Nevada Supreme Court found that "the fairness of [Brown's] trial was not affected" by the prosecutor's comments. Although the Nevada Supreme Court did not cite *Darden*, the Nevada Supreme Court's language is nearly identical to *Darden*'s standard for a constitutional violation. We thus conclude that the Nevada Supreme Court found that the prosecutor's comments did not violate Brown's due process rights. As a result, we must decide whether the Nevada Supreme Court unreasonably applied *Darden*. It did not.

Brown argues that his constitutional rights were violated when the prosecutor (1) asserted that Brown shot the victims in the back, (2) misstated witness testimony, (3) argued facts not in evidence, and (4) denigrated Brown's expert witness. None of these comments "infected the trial with unfairness." *Id.* at 181.

1.      Contrary to Brown's assertion, the prosecutor did not say that Jason Banks was shot in the back. Instead, the prosecutor argued that Brown did not draw his gun until the victims' backs were turned. Although one witness had testified that the victims were walking towards Brown when he drew the gun, other witnesses contradicted that testimony. The prosecutor's argument was thus a fair inference

3

from the testimony elicited at trial. Regardless, any detrimental effect engendered by these comments was softened by the trial court's instruction that "[n]othing that counsel say[s] during the trial is evidence in the case." Absent a contrary showing, we presume the jury followed that instruction. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

2.     Brown contends that the prosecutor misstated the testimony of two witnesses: Robin Skipworth and Michelle Marlette. Skipworth had testified that Brown was "between [Banks and Randy Beach] and the car" prior to the shooting, so they were walking towards Brown when he drew his gun. During his closing arguments, the prosecutor said that Skipworth had testified that Brown did not draw his gun until the victims' backs were turned. This was a misstatement. But it did not affect the fairness of Brown's trial. Brown's counsel immediately objected to the misstatement. A few moments earlier, the trial court had cautioned the jury, "Ladies and gentlemen, you decide what you heard." And throughout closing argument, Brown's counsel highlighted the prosecutor's misstatement and accurately recounted Skipworth's testimony.

The prosecutor did not misstate Marlette's testimony. Rather, the prosecutor proffered a hypothetical to highlight an inconsistency between Marlette's testimony—that Brown fired all the shots from the basketball court—and the fact

4

that multiple bullet casings were found outside of the basketball court. This did not violate Brown's right to due process.

3. Brown identifies two facts not in evidence that the prosecutor allegedly argued during closing statements: (1) that the shooting occurred when Brown was thirty feet away from Banks and Beach, and (2) that the crime investigators found gun residue on Banks after swabbing the back of his hands. As previously mentioned, the first was merely a hypothetical proffered by the prosecutor. As for the second, Brown is correct; no witness testified that Banks was swabbed on the back of his hands. But Brown fails to show how this comment undermined the fairness of his trial, especially when Brown's counsel immediately objected.

4. Finally, the prosecutor denigrated Brown's expert witness by saying, "You saw Dr. Bittker. One might wonder why he's not ever called by us here. You know why? We don't use that man. Ph.D. You've heard of that, piled higher and deeper." This statement is clearly improper. But Brown's counsel immediately objected to it, and the trial court sustained that objection. This softened the impact of the statement, particularly given the trial court's earlier instruction to the jury that it was to "disregard" and "draw no inference from" statements when the court sustains an objection. In any event, it is unlikely the jury discounted Dr. Bittker's

opinion that Brown acted in self-defense based solely on the prosecutor's isolated comment about Dr. Bittker's education.[1]

In sum, the Nevada Supreme Court did not unreasonably apply *Darden* or any other clearly established federal law, precluding Brown from habeas relief. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**

---

[1] Brown also argues that the prosecutor engaged in "reverse vouching" for the State's witnesses by attacking Dr. Bittker and that the prosecutor's suggestion that the Washoe County District Attorney's Office never uses Dr. Bittker as a witness was likely false. But Brown did not present these arguments in his habeas petition, so they are waived. *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).