**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OMAIMA AREE NELSON,

Applicant,

v.

MOLLY HILL, Acting Warden,

Respondent.

No.    19-73020

MEMORANDUM[*]

Application to File Second or Successive
Petition Under 28 U.S.C. § 2254

Submitted October 19, 2020[**]
Honolulu, Hawaii

Before:    WALLACE, BEA, and BENNETT, Circuit Judges.

Before the court is Omaima Nelson's application for authorization to file a

second or successive petition for writ of habeas corpus.  Nelson, convicted of

second-degree murder in California state court more than twenty-five years ago,

argues now that a constitutional right newly recognized by the Supreme Court in

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), was denied to her at trial and is grounds to afford her habeas relief.  Ultimately, however, Nelson's application is untimely.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not file a second or successive habeas petition with the district court unless the court of appeals grants authorization.  28 U.S.C. § 2244(b)(3)(A).

Nelson was found guilty of second-degree murder in California state court in 1993.  She has already petitioned for federal habeas relief once.  In 2002, Nelson filed a federal petition for habeas arguing, *inter alia*, ineffective assistance of counsel for failing to plead her not guilty by reason of insanity.  In 2003, the U.S. District Court for the Central District of California dismissed the petition because it was time-barred by the statute of limitations.

Now, seventeen years later, Nelson is applying to the Ninth Circuit for authorization to file a second habeas petition on the basis of a new constitutional right recognized by the Supreme Court in 2018.  She argues that her Sixth Amendment rights under *McCoy* were violated when her trial counsel refused to plead her not guilty by reason of insanity.  In *McCoy*, the Supreme Court held that a defendant's Sixth Amendment right to determine the objective of the defense is violated if counsel concedes guilt at trial after the defendant unambiguously directs counsel to maintain innocence.  138 S. Ct. at 1505.  But we need not address the merits of the application.

Nelson's petition is time-barred by AEDPA's statute of limitations. Congress placed a one-year statute of limitations on the filing of habeas petitions. 28 U.S.C. § 2244(d). As is relevant here, a petitioner must file an application for authorization to file a second or successive petition for writ of habeas corpus within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2244(d)(1)(C). The limitations period may be tolled if the applicant properly files for post-conviction relief from state court before the period has expired. 28 U.S.C. § 2244(d)(2); *Jiminez v. Rice*, 276 F.3d 478, 481–82 (9th Cir. 2001).

The Supreme Court decided *McCoy* on May 14, 2018. Thus, the deadline for Nelson to have applied to this court for authorization to file a second or successive petition for habeas based on the right recognized in *McCoy* was May 14, 2019.

Nelson did not file her federal application until November 26, 2019, many months after the limitations period expired. Nelson argues the period should be tolled because she filed a successive habeas petition with the California Supreme Court. But Nelson did not file her successive habeas petition with the state until July 31, 2019.[1] Nelson may not take advantage of AEDPA's tolling provisions because

---

[1] Nelson appears to have errantly believed that the one-year limitations period under Section 2244(d)(1)(C) is augmented by ninety days, confusing the rule that a judgment is not final under the statute until the expiration of the ninety-day deadline to seek certiorari from the U.S. Supreme Court. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1147 (9th Cir. 2000). However, that rule is not applicable to Section

the limitations period had already expired by the time she filed her petition with the state.  Having failed to apply for authorization by the May 14, 2019 deadline or toll the period of limitations, the statute bars Nelson's application from consideration.

**DENIED.**

---

2244(d)(1)(C), which, under the statute, runs simply from the date the Supreme Court first recognized the new constitutional right.