■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL ESPINAL, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered April 1, 1987, convicting defendant after jury trial of criminal sale of a

controlled substance in the first degree, and conspiracy in the second degree, and sentencing defendant to concurrent, indeterminate terms of 15 years to life, and 5 years to life, respectively, unanimously affirmed.

An informant introduced defendant to a DEA agent, who arranged to purchase one kilogram of cocaine from defendant for $35,000. The sale was consummated over the course of several meetings throughout the day of the sale. After his arrest, and after *Miranda* warnings were given, defendant made incriminating statements admitting involvement in the sale, but claiming he had acted only as a "middleman".

While defendant argues that his identity was not established beyond a reasonable doubt, we note that numerous DEA agents, as well as the confidential informant, identified defendant at trial. Moreover, the issue of identity was squarely placed before the jury, and we perceive no basis to question their resolution of the issue, especially in view of the fact that numerous witnesses identified defendant. Further, the evidence of guilt included defendant's incriminating admissions.

Contrary to defendant's assertions, the testimony of the DEA agent who obtained defendant's statement was not incredible as a matter of law. The fact that the agent, who was not assigned to the particular unit which conducted the undercover investigation, made no entry or notation of the statement until he completed his written report nine days later, does not suggest that the report was fabricated. Similarly, the fact that the agent left blank spaces in his report, to be filled in later, does not indicate that the agent was dishonest, since it is understandable that the agent, not being part of the particular team assigned to this investigation, would be compelled to obtain the requisite information from other officers before completing his report.

While a proper foundation for the admission of a notebook ostensibly reflecting narcotics transactions, as a business record was not made (*People v Kennedy,* 68 NY2d 569), the notebook was admitted only for the limited purpose of establishing a connection between defendant and the criminal conspiracy. As defendant did not object to the admission of the document on the ground he now advances, the issue is unpreserved for appellate review as a matter of law (CPL 470.05 [2]). Admission of the transcripts of telephone conversations between defendant's co-conspirators was supported by a prima facie showing of the existence of a conspiracy, independent of

the conversations themselves *(cf., People v Hernandez,* 155 AD2d 342).

We have considered the remaining arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Ross and Rubin, JJ.