◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL SANTIAGO, Appellant. [663 NYS2d 535] —Judgment,

Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered July 20, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees, and sentencing him, as a second felony offender, to concurrent terms of 20 years to life and 12½ to 25 years, respectively, unanimously affirmed.

Expert testimony concerning the practices of narcotics distributors and the interpretation of certain records was properly received under the circumstances (see, *People v Cronin*, 60 NY2d 430). By expressing an opinion as to the likelihood that nonparticipants in a drug operation would be permitted access to its packaging site, the People's expert did not invade the jury's province by conveying conclusions on ultimate issues of fact. Defendant's remaining challenges to testimony given by the expert are unpreserved and without merit (see, *People v Espinal*, 174 AD2d 500, *lv denied* 79 NY2d 826).

The court properly submitted the "room presumption" to the jury. The People relied on police testimony that the drugs and drug paraphernalia were in open view and it was not necessary for the jury to inspect the actual evidence in determining that it was in open view. Since it was established that the drugs were in "open view", and that defendant was in "close proximity" to them (Penal Law § 220.25 [2]), the People were under no additional obligation to prove that defendant actually saw them or was in the same room with them (*People v Maldonado*, 189 AD2d 737, *lv denied* 81 NY2d 1016).

We have reviewed defendant's remaining claims, including those contained in his supplemental *pro se* brief, and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Rubin and Andrias, JJ.