■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE PERRYMAN, JR., Appellant. [697 NYS2d 421] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). His contention that County Court erred in permitting a police officer to testify concerning defendant's intent to sell drugs is not preserved for our review because defendant failed to raise that contention at trial (*see, People v Espinal*, 174 AD2d 500, *lv denied* 79 NY2d 826). In any event, we conclude that any error is harmless (*see, People v Goodwine*, 177 AD2d 708, *lv denied* 79 NY2d 920).

We reject the further contention of defendant that there was no probable cause for his arrest. Defendant was observed in a

high crime area handing another person a sandwich baggie in exchange for money and, when the police approached, defendant fled and threw a baggie containing cocaine. Under the circumstances, the police had probable cause to arrest defendant (*see, People v Jones,* 90 NY2d 835). (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Scudder, Callahan and Balio, JJ.