**Angel SANTIAGO, Petitioner,**

v.

**David MILLER, Superintendent, Eastern Correctional Facility, Respondent.**

**No. 01 Civ. 2179 NRB.**

United States District Court, S.D. New York.

Dec. 17, 2001.

Angel Santiago, Eastern Correctional Facility, Napanoch, NY, pro se.

Robert M. Morgenthau, N.Y. County District Attorney, New York City, for respondent.

## MEMORANDUM AND ORDER

BUCHWALD, District Judge.

Angel Santiago, an inmate in a New York State prison, brings this habeas corpus petition challenging the lawfulness of his incarceration. Because his petition is time barred and because the doctrine of equitable tolling is not applicable on these facts, we deny his petition as untimely under 28 U.S.C. § 2244(d).

## I. BACKGROUND

A jury convicted Santiago of various drug offenses in the Supreme Court of the State of New York, New York County, on June 18, 1993. Two days later, he was sentenced to concurrent prison terms, the longest of which was from twenty years to life. He appealed his conviction to the Appellate Division, but it was affirmed on October 16, 1997. *People v. Santiago,* 663 N.Y.S.2d 535, 243 A.D.2d 328 (1st Dep't 1997). On December 10, 1997, the New York Court of Appeals denied leave to appeal. *People v. Santiago,* 91 N.Y.2d 879, 668 N.Y.S.2d 578, 691 N.E.2d 650 (1997).

While his direct appeal was pending, Santiago also sought collateral relief. On October 13, 1996, he moved in the Supreme Court for an order pursuant to New York Criminal Procedure Law ("NYCPL") §§ 440.10(1)(b), (d), (f), and 440.30 vacating his judgment of conviction. This motion was denied on October 25, 1996. Santiago sought leave to appeal this decision, but the Appellate Division denied his application on December 31, 1996. Later, on February 25, 1999, he again moved for

postconviction relief, seeking an order from the New York County Supreme Court vacating his conviction pursuant to NYCPL § 440.10(1)(h). This motion was denied on April 7, 2000. The Appellate Division denied him permission to appeal this denial on September 28, 2000.

On November 6, 2000, Santiago filed the present habeas corpus petition.

## II. DISCUSSION

### A. AEDPA Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") instituted a one year limitations period for habeas corpus petitions by state prisoners. 28 U.S.C. § 2244(d)(1). For Santiago, the limitations period began to run on March 10, 1998.[1] This period is tolled, however, while properly filed state collateral attacks are pending. *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000). Thus, in the present case,

the limitations period was tolled during the pendency of Santiago's second § 440 motion,[2] from February 25, 1999, until September 28, 2000. Excluding these 581 days, the limitations period ended on October 11, 2000.[3] Santiago signed the verification of the present petition on November 6, 2000. Thus, it appears to be untimely, and therefore barred by the AEDPA.

### B. Equitable Tolling

Santiago argues, however, that we should equitably toll 191 days from the limitations period, thereby rendering his petition timely. Santiago claims that he made a motion[4] "for the assignment of counsel for the purpose of assisting him with the perfection of a post-conviction application," on the grounds that he is "legally blind,"[5] on or about June 15, 1998. As this motion was "not denied until November 23rd 1998,"[6] Santiago claims that the intervening 191 days should be equitably tolled. We read his petition as stating

---

1. The AEDPA provides that "[t]he limitation period shall run form the latest of—(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). As noted above, the New York Court of Appeals denied Santiago permission to appeal within the state courts on December 10, 1997. *See* Section I, *supra.* The only direct review available at that point was to seek certiorari before the United States Supreme Court. The "time for seeking such review" was ninety days after the Court of Appeals denied leave to appeal. *See* Sup.Ct. R. 13(1). Thus, the limitations period began ninety days after December 10, 1997, or March 10, 1998.

2. His first § 440 motion was filed and finally adjudicated before the AEDPA limitations period even began, so it is not relevant to the present discussion.

3. 352 days passed between March 10, 1998, and February 28, 1999, the date tolling began leaving Santiago thirteen days to file a federal habeas petition once his second motion for collateral relief was finally adjudicated.

Thus, the limitations period ran for thirteen days after September 28, 2000, ending on October 11, 2000.

4. Santiago apparently claims that he made this motion before the Supreme Court, New York County, the court that had previously pronounced his sentence.

5. Correction Counselor Ebony Green represented to the Court the Santiago is, in fact, "legally blind and is presently housed in the Sensorially Disabled Unit" of the Eastern Correctional Facility. Attachment to Letter dated September 14, 2001, from Angel Santiago to Court.

6. Despite providing the Court with voluminous documentation of his trial and postconviction litigation, Santiago failed to produce any record of this motion. The remainder of this opinion assumes, however, that Santiago's version of these procedural facts are accurate because, even with the benefit of this assumption, he is not entitled to have this time tolled from the AEDPA's limitations period.

two distinct grounds for equitable tolling. The first is the pendency of his motion requesting the assignment of counsel, and the second is Santiago's legal blindness itself. We refuse to equitably toll the AEDPA's limitations period on either ground.

### 1. Santiago's Motion

The motion for which Santiago seeks a toll was not an attack on his conviction, but rather a request for a lawyer to assist him in attacking his conviction.[7] As the Second Circuit has recently noted, "if a filing of that sort could toll the AEDPA limitations period, prisoners could substantially extend the time for filing federal habeas petitions by pursuing in State courts a variety of applications that do not challenge the validity of their convictions." *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir.2001). Congress granted a toll for certain types of motions, namely those that directly attack a conviction, but declined to grant a toll for other types of motions, such as the one filed by Santiago. To permit a toll for such a motion would be to rewrite the statute, something we cannot do.

### 2. Santiago's Blindness

While the concept of equitable tolling is applicable to the AEDPA's one-year statute of limitations, the Second Circuit has made clear that the doctrine should only be applied where the petitioner demonstrates that "extraordinary circumstances *prevented* him from filing his petition on time." *Smith*, 208 F.3d at 17 (emphasis added). Here, Santiago has not met this considerable burden, and, therefore, we decline to invoke the equitable tolling doctrine on his behalf.

Santiago's legal blindness is not a sufficient reason for the Court to equitably toll the AEDPA's limitations period because his condition did not rise to such a level as to truly prevent him from pursuing his legal rights. To the contrary, he was able to file two post-conviction motions in state court as well as a coherent and well-written petition for habeas corpus in this Court, not to mention his carefully articulated Traverse reply to the defendant's memorandum in opposition to his petition.

Moreover, all the arguments Santiago brings before this Court were previously briefed in his direct appeal, which was drafted by a law student, or his § 440 motions, which he apparently drafted himself with the assistance of other inmates. Thus, these documents were available to help him create a proper habeas petition, and his possession of these documents within the limitations period counsel against equitable tolling. In sum, we decline to equitably toll the AEDPA's limitations period on account of Santiago's blindness.

### III. CONCLUSION

Even after tolling the limitations period for the pendency of Santiago's collateral attacks on his state conviction, his habeas corpus petition was not filed within the time limit established by the AEDPA. As we have found the equitable tolling doctrine not applicable on these facts, we find that the petition is untimely. Accordingly, we dismiss the petition.

**IT IS SO ORDERED.**

---

7. We note that there is no Constitutional right to counsel when mounting collateral attacks on a conviction, *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).