**Wilfredo RUIZ, Petitioner,**

v.

**Thomas M. POOLE, Respondent.**

**No. 06 Civ. 7746(RJH)(KNF).**

United States District Court,
S.D. New York.

July 22, 2008.

Wilfredo Ruiz, Romulus, NY, pro se.

### MEMORANDUM OPINION AND ORDER

RICHARD J. HOLWELL, District Judge.

Petitioner Wilfredo Ruiz ("Petitioner") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his March 13, 2000 conviction for two counts each of second-degree robbery and attempted second-degree robbery in the New York State Supreme Court, New York County, for which Petitioner was sentenced, as a persistent violent felony offender, to four consecutive terms of 23 years to life imprisonment. On March 28, 2008, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation ("Report") recommending that the petition be denied. Petitioner received the Report on April 8, 2008 and filed timely objections dated April 18, 2008 ("Objections"). Having reviewed the Report, the Objections, and the record, the Court denies the petition, adopts the Report in its entirety, and determines that a certificate of appealability should not issue.

### BACKGROUND

The relevant facts of this case are set forth in detail in the Report, familiarity with which is assumed. The Court restates the facts only as necessary to address Petitioner's Objections.

The Report recommended denial of the petition as untimely, finding that under the one-year statute of limitations and statutory tolling provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner was required to file his petition by November 21, 2005. (Report 1–3.) The petition was not filed until August 31, 2006. (Id. at 3.)

In his Objections, Petitioner concedes that the petition was untimely. (Objections 4.) Petitioner objects, however, to Judge Fox's finding that Petitioner did not qualify for equitable tolling of AEDPA's statute of limitations. (Objections 1–4.) Petitioner had argued in his petition that equitable tolling should apply because he was ignorant of the law and because he "did not have access for a while to the law library while" incarcerated at Attica Correctional Facility ("Attica"). (Report 4.)

Judge Fox found that ignorance of the law is not grounds for equitable tolling, and that, because Ruiz had not provided the dates when he was incarcerated in Attica and denied access to the law library, or the measures he took to address his lack of access, he had not established the "rare and exceptional circumstances" necessary to warrant equitable tolling. (Report 4) (quoting Doe v. Menefee, 391 F.3d 147, 159 (2d Cir.2004).).

In his Objections, Petitioner concedes that ignorance of the law is not grounds for equitable tolling. (Objections 2.) However, Petitioner asserts that he was incarcerated in Attica from 2001 to 2003, and was granted permission to access the law library only twice during that period. Therefore, Petitioner contends, by the time he was moved to Shawangunk Correctional Facility and had regular access to the law library, he did not have adequate time to prepare his habeas corpus petition. Plaintiff also contends that he submitted a

complaint regarding his lack of access to the law library at Attica, but that the prison officers, through intimidation, had forced him to withdraw the complaint. (Objections 3.)

Respondent has submitted a letter responding to Petitioner's Objections. Respondent asserts that Petitioner was actually incarcerated in Attica from June 28, 2001 through September 12, 2002, not from 2001 until 2003, as Petitioner contends. (Gill Letter, May 13, 2008.) Respondent also provides a letter from Sandra Prusak, an Inmate Records Coordinator at Attica, which indicates that Petitioner was placed on a "Law Library callout" eight times during a four-month period in 2001. Respondent interprets this information to mean that Petitioner used the law library on each of these occasions. The letter also states that there are no records of requests by Petitioner for law library access during 2002. Petitioner suggests in his Objections, however, that Attica officials do not keep accurate records. (Objections 3.)

## ANALYSIS

■ Because Petitioner has specifically objected to the Report's finding regarding equitable tolling, the Court reviews this finding *de novo.* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). According to prison records, Petitioner left Attica on September 12, 2002. Petitioner does not contend that he was denied access to the law library at any time after his incarceration in Attica. Therefore, even accepting Petitioner's contention that he was prevented from accessing the law library during his incarceration in Attica, the Court finds that Petitioner has failed to demonstrate that his inability

to access the law library in 2001 and 2002 constitutes "extraordinary circumstances" preventing him from completing and filing his habeas corpus petition on or before November 21, 2005.

The Court has reviewed the remainder of the Report and, finding no clear error, adopts the Report in its entirety. *See Llanos v. Goord,* 555 F.Supp.2d 454, 456 (S.D.N.Y.2008) ("If no timely objection has been made to a portion of the report, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" (quoting *Wilds v. UPS, Inc.,* 262 F.Supp.2d 163, 169 (S.D.N.Y.2003))).

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is DENIED. In addition, the Court declines to issue a certificate of appealability. The petitioner has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *See Tankleff v. Senkowski,* 135 F.3d 235, 241–42 (2d Cir.1998).

SO ORDERED.

## REPORT AND RECOMMENDATION

KEVIN NATHANIEL FOX, United States Magistrate Judge.

TO THE HONORABLE RICHARD J. HOLWELL, UNITED STATES DISTRICT JUDGE.

## INTRODUCTION

On August 31, 2006, Wilfredo Ruiz ("Ruiz"), proceeding *pro se,* filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by delivering it to prison officials at New York's Five Points Correctional Facility, where he was incarcerated. *See Noble v. Kelly,* 246 F.3d 93, 97–98 (2d Cir.2001). The respondent opposed the petition contending, *inter alia,* it is untimely.

## TIMELINESS OF THE PETITION

■ The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in pertinent part: "A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period. 28 U.S.C. § 2244(d)(2). "[A] state-court petition [for post-conviction or other collateral review] is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Hizbullahank-hamon v. Walker*, 255 F.3d 65, 70 (2d Cir.2001) (citation omitted).

■ On March 13, 2000, after a jury trial, in the New York State Supreme Court, New York County, Ruiz was convicted for two counts each of second-degree robbery and attempted second-degree robbery, and was sentenced, as a persistent violent felony offender, to four concurrent terms of 23 years to life imprisonment. The New York State Supreme Court, Appellate Division, First Department, affirmed Ruiz's conviction. *See People v. Ruiz*, 301 A.D.2d 445, 752 N.Y.S2d 881 (App. Div. 1st Dep't 2003). On April 8, 2003, the New York Court of Appeals denied Ruiz's application for leave to appeal the affirmance of his conviction. *See People v. Ruiz*, 99 N.Y.2d 658, 760 N.Y.S.2d 123, 790 N.E.2d 297 (2003). Ruiz's conviction became final on July 7, 2003, when the time to seek a writ of certiorari from the United States Supreme Court expired. *See Fernandez v. Artuz*, 402 F.3d 111, 112 (2d Cir.2005). Pursuant to the AEDPA one-year statute of limitations, Ruiz had until July 8, 2004, to file his petition for federal habeas corpus relief. *See* 28 U.S.C. § 2244(d)(1); Fed.R.Civ.P. 6(a)(1).

■ On May 24, 2004,[1] and 45 days before the expiration of the AEDPA statute of limitations, Ruiz filed a motion to vacate the judgment of conviction, pursuant to New York Criminal Procedure Law ("CPL") § 440.10, with the New York State Supreme Court, New York County. Ruiz's filing of his CPL § 440.10 motion, on May 24, 2004, triggered the statutory tolling period under AEDPA. *See* 28 U.S.C. § 2244(d)(2). Ruiz's CPL § 440.10 motion was denied.

On October 6, 2005, the New York State Supreme Court, Appellate Division, First Department, denied Ruiz's application for leave to appeal to that court, from the denial of his CPL § 440.10 motion, thus foreclosing further appellate review of that motion and ending the AEDPA statutory tolling period. *See* CPL § 460.20, *Hizbullahankhamon*, 255 F.3d at 70. After the AEDPA statutory tolling period ended, on October 6, 2005, Ruiz had 45 days, i.e. until

---

1. On May 24, 2004, Ruiz delivered his CPL § 440.10 motion to officials in the correctional facility where he was incarcerated. The Court will apply the "mailbox rule," pursuant to which a *pro se* prisoner files a motion when he delivers it to prison officials, *see Houston v. Lack*, 487 U.S. 266, 270–72, 108 S.Ct. 2379, 2382–83, 101 L.Ed.2d 245 (1988), to determine the filing date of Ruiz's CPL § 440.10 motion. Where New York law does not prescribe a deadline for filing of a particular motion that tolls the federal habeas corpus petition, and notwithstanding any state's filing laws to the contrary, federal courts are not precluded from applying the "mailbox rule" to AEDPA's statute of limitations period in order to ascertain whether the motion is "properly filed." *Fernandez*, 402 F.3d at 116.

November 21, 2005, *see* Fed.R.Civ.P. 6(a)(3), to file his federal habeas corpus petition.

■ However, Ruiz filed his petition on August 31, 2006. Although on November 29, 2005, Ruiz filed an application for a writ of error *coram nobis* with the New York State Supreme Court, Appellate Division, First Department, that application did not trigger the statutory tolling period anew, because it was filed after the AEDPA statute of limitations had expired. Ruiz does not contend that, in his case, the AEDPA one-year statute of limitations should run from any of the other dates, set forth in 28 U.S.C. §§ 2244(d)(1)(B), (C) and (D). Therefore, review of Ruiz's petition is barred by the AEDPA one-year statute of limitations.

*Equitable Tolling*

■ In rare and exceptional circumstances, a petitioner may qualify for equitable tolling of the AEDPA one-year statute of limitations, if he establishes that: (1) he was prevented from filing his petition timely by extraordinary circumstances; and (2) he acted with reasonable diligence for the duration of the period he seeks to toll, notwithstanding extraordinary circumstances. *See Doe v. Menefee,* 391 F.3d 147, 159 (2d Cir.2004). In the Second Circuit, extraordinary circumstances have been found to exist "where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary," or "where prison officials intentionally obstruct a petitioner's ability to file his petition by confiscating his legal papers." *Id.* at 159–60.

The respondent contends the petitioner failed to allege any "rare and exceptional circumstances" that would warrant equitable tolling and his *pro se* status cannot excuse the petitioner's delay. Ruiz maintains he failed to file the petition timely because he "did not have access for a while to the law library while in Attica prison" and he was ignorant of the law. Ruiz does not proffer any evidence to establish his lack of access to the law library. Moreover, Ruiz states that he "cannot prove that Attica has denied access. The court will have to take it as the truth."

■ Ruiz was incarcerated in: (a) Wallkill Correctional Facility, when he filed his CPL § 440.10 motion; (b) Great Meadow Correctional Facility, when he filed his *coram nobis* application; and (c) Five Points Correctional Facility, when he filed the instant petition. The record does not demonstrate, and Ruiz failed to indicate, when he was incarcerated in Attica Correctional Facility, where he was allegedly denied access to the law library. Moreover, Ruiz failed to indicate the period during which he had no access to the law library, while he was incarcerated in the Attica Correctional Facility, and the efforts, if any, he undertook to address his lack of access to the law library. Additionally, ignorance of law does not constitute a rare and extraordinary circumstance that would merit equitable tolling. *See Ayala v. Fischer,* No. 04 Civ. 3404, 2004 WL 2435523, at *1 (S.D.N.Y. Nov. 2, 2004). The allegation, that Attica Correctional Facility denied him "access for a while to the law library," without more, is not a "rare and exceptional circumstance" warranting equitable tolling of the AEDPA statute of limitations.

## RECOMMENDATION

For the foregoing reasons, I recommend that the petition, (Docket Entry No. 1), be dismissed, as untimely.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMEN-DATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file

written objections. *See also* Fed.R.Civ.P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Holwell, 500 Centre Street, Room 1950, New York, New York, 10007, and to the chambers of the undersigned, 40 Foley Square, Room 530, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Holwell. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

March 28, 2008.