Gary Edward WILLIAMS, Petitioner,

v.

Warden, D. DEXTER, et al., Respondents.

Case No. CV 08–2828–DDP(RC).

United States District Court, C.D. California.

Aug. 19, 2009.

Gary Edward Williams, Blythe, CA, pro se.

Kenneth C. Byrne, Tasha G. Timbadia, Office of the Attorney General, Los Angeles, CA, for Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

DEAN D. PREGERSON, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, as well

as petitioner's objection, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered dismissing the habeas corpus petition and action as untimely.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on the petitioner.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

ROSALYN M. CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Dean D. Pregerson, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California.

## BACKGROUND

### I

On or about September 21, 2000, in Los Angeles County Superior Court case no. YA043048, petitioner Gary Edward Williams, pursuant to a written plea agreement, pleaded nolo contendere to, and was convicted of, one count of committing a lewd act upon a child in violation of California Penal Code ("P.C.") § 288(c)(1), and under the terms of the plea agreement, the trial court sentenced petitioner to two years in state prison, stayed the imposition of the sentence, and ordered petitioner to serve one year in the county jail followed by five years on probation, to register as a sex offender and to complete sex offender

classes and treatment. Clerk's Transcript ("CT") 80–81; Lodgment no. 5 at 2–3. On February 26, 2003, in Los Angeles County Superior Court case no. YA053738, the People filed new charges against petitioner, alleging that between October and December 2002, petitioner committed four counts of a lewd act upon a child under the age of 14 in violation of P.C. § 288(a) and that more than one victim was involved within the meaning of P.C. § 667.61(b). CT 64–67. On July 29, 2003, in a bench trial, the court found petitioner guilty of three counts of violating P.C. § 288(a) and found it to be true that the crimes involved more than one victim within the meaning of P.C. § 667.61(b). CT 148–49. The trial court also determined petitioner had violated probation in case no. YA043048. Lodgment no. 5 at 3. The trial court sentenced petitioner to 15 years to life in state prison, and also ordered petitioner to serve the two-year sentence previously imposed in case no. YA043048. CT 250–54; Reporter's Transcript (Petition, Exh. T) at 335:28–336:28; Lodgment no. 5 at 3.

The petitioner appealed his convictions and sentence to the California Court of Appeal, CT 255, which affirmed the judgment in an unpublished opinion filed August 18, 2005. Lodgment nos. 2–5. On September 7, 2005, petitioner sought rehearing from the California Court of Appeal, which denied rehearing on September 15, 2005. Lodgment nos. 6–7. On September 22, 2005, petitioner, proceeding through counsel, filed a petition for review in the California Supreme Court, which denied review on November 16, 2005. Lodgment nos. 8–9.

■■■ On June 10, 2005, while his appeal was pending, petitioner, proceeding pro se, filed a petition for habeas corpus relief in the Los Angeles County Superior Court, which denied the petition on July 25, 2005. Lodgment nos. 10–11. On No-

vember 3, 2005, while his petition for review was pending, petitioner filed a habeas corpus petition in the California Court of Appeal, which, on March 7, 2006, denied the petition "for failure to state facts or provide exhibits demonstrating entitlement to relief[,]" with citation to *People v. Duvall*, 9 Cal.4th 464, 474–75, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995), *People v. Pope*, 23 Cal.3d 412, 424–26, 152 Cal.Rptr. 732, 590 P.2d 859 (1979), and *People v. Madaris*, 122 Cal.App.3d 234, 241–42, 175 Cal. Rptr. 869 (1981). Lodgment nos. 12–13. On March 22, 2007,[1] petitioner filed a petition for habeas corpus relief in the California Supreme Court, which denied the petition on August 29, 2007. Lodgment nos. 14–15; Lodgment no. 16, Exhibit.

On May 15, 2008, petitioner filed a second habeas corpus petition in the California Supreme Court, which denied the petition on October 28, 2008, with citation to *In re Clark*, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993), and *In re Miller*, 17 Cal.2d 734, 112 P.2d 10 (1941). Lodgment no. 16; Opposition, Attachment J; *In re Williams*, California Supreme Court case no. S163686.

## II

On May 25, 2008, petitioner, proceeding pro se, filed a habeas corpus petition under 28 U.S.C. § 2254, and on October 24, 2008, respondent filed a motion to dismiss the petition, arguing it is untimely. On December 23, 2008, petitioner filed his opposition to the motion to dismiss.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a one-year period of limitations for federal habeas petitions filed by state prisoners," *Bryant v. Arizona Attorney Gen.*, 499 F.3d 1056, 1059 (9th Cir.2007), as follows:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

\* \* \*

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

▌ The California Supreme Court denied petitioner's petition for review on November 16, 2005. After the California Supreme Court denied review, petitioner had the option of seeking a writ of certiorari from the United States Supreme Court. 28 U.S.C. § 1257. A writ of certiorari must be sought within ninety days after the California Supreme Court denies review. 28 U.S.C. § 2101(d); Rules of the

---

1. "Under the 'prison mailbox rule' ... a prisoner's ... habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir.2001) (citation omitted); *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." *Huizar*, 273 F.3d at 1223; *Anthony v. Cambra*, 236 F.3d 568, 574–

75 (9th Cir.2000), *cert. denied*, 533 U.S. 941, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001). Here, since petitioner signed the habeas corpus petition on March 22, 2007, the Court infers that is the date petitioner provided the petition to prison authorities for mailing to the Superior Court. *Jenkins v. Johnson*, 330 F.3d 1146, 1149 n. 2 (9th Cir.2003), *overruled on other grounds*, *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

Supreme Court of the United States, Rule 13. If the petitioner does not seek certiorari in the Supreme Court, the direct review process is over at the end of the ninety-day period. *Whalem/Hunt v. Early,* 233 F.3d 1146, 1147 (9th Cir.2000) (en banc); *Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir.1999). Thus, for petitioner, the AEDPA's statute of limitations began to run on February 15, 2006, and expired on February 14, 2007, one year from when his state court judgment became final. *Ibid.* Here, the instant action was not filed until May 25, 2008—more than one year after the statute of limitations had run.

■ However, this Court must consider whether the statute of limitations was statutorily tolled while petitioner's applications for collateral relief were pending in the California courts. Generally, "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge[,]" *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999) (footnotes omitted), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000), so long as the petitioner did not unreasonably delay in seeking collateral relief. *Carey v. Saffold,* 536 U.S. 214, 225, 122 S.Ct. 2134, 2141, 153 L.Ed.2d 260 (2002).

■ Here, petitioner filed his first habeas corpus petition in the Los Angeles County Superior Court on June 10, 2005, and it was denied on July 25, 2005—**before** the judgment of his conviction became fi-

nal; thus, the petition did not toll the statute of limitations, which had not yet begun to run. *Waldrip v. Hall,* 548 F.3d 729, 735 (9th Cir.2008); *see also Santiago v. Miller,* 180 F.Supp.2d 471, 473 n. 2 (S.D.N.Y.2001) (since petitioner's first collateral attack "was filed and adjudicated before the AEDPA limitations period even began, ... it is not relevant" to determining whether petitioner's federal habeas petition was timely filed).

■ On November 3, 2005, petitioner filed his next habeas corpus petition in the California Court of Appeal—again before his conviction became final. Nevertheless, since that petition was pending when the limitations period began to run on February 15, 2006, the statute of limitations was tolled from February 15, 2006, through the date the California Court of Appeal denied the habeas corpus petition on March 7, 2006. *See Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir.2001) ("[A] state habeas petition filed *before* the AEDPA statute of limitations begins to run tolls the limitation period" for the time in which the statute would have otherwise commenced running. (citation omitted; emphasis in original)), *cert. denied,* 538 U.S. 949, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003).

■■ However, rather than promptly proceeding to the California Supreme Court for habeas relief,[2] petitioner waited more than one year, or until March 22, 2007, to file a habeas corpus petition in the California Supreme Court. This unreasonable delay,[3] which "is far longer than the

---

**2.** "Typically, a California petitioner brings a petition for a writ of habeas corpus in the state's Superior Court. If it is denied, the petitioner will assert claims, most commonly the same ones, in a new petition in the California Court of Appeal. If the Court of Appeal denies the petition, he will assert claims in yet another new petition in, or petition for review by, the California Supreme Court." *Biggs v. Duncan,* 339 F.3d 1045, 1046 (9th

Cir.2003); *Delhomme v. Ramirez,* 340 F.3d 817, 818–19 (9th Cir.2003) (per curiam).

**3.** Petitioner attempts to explain this lengthy delay by stating "he had to learn how to execute pro-per litigation techniques." Opposition at 3. This explanation is unpersuasive, however, since petitioner had previously filed pro se habeas corpus petitions in the Los Angeles County Superior Court and California

'short period[s] of time,' 30 to 60 days, that most States provide" for filing a petition in a higher court, precludes "gap tolling" for the period between the California Court of Appeal's denial of petitioner's habeas corpus petition and the subsequent filing of a habeas corpus petition in the California Supreme Court. *Evans v. Chavis,* 546 U.S. 189, 201, 126 S.Ct. 846, 854, 163 L.Ed.2d 684 (2006); *see also Waldrip,* 548 F.3d at 738 ("Under *Evans v. Chavis,* the one-year federal limitations period runs—is not tolled—during an unjustified delay of more than six months between the denial of habeas relief by a California state court and the filing of a subsequent petition in a higher California court."); *Gaston v. Palmer,* 447 F.3d 1165, 1166–67 (9th Cir.2006) (petitioner is not entitled to "gap" tolling for unexplained delays of 10 months, 15 months and 18 months between filings), *cert. denied,* 549 U.S. 1134, 127 S.Ct. 979, 166 L.Ed.2d 742 (2007). As such, the limitations period began to run on March 8, 2006, and expired one year later, on March 7, 2007. Since petitioner's two habeas corpus petitions to the California Supreme Court were filed after this date, they do not serve to toll or revive the limitations period. *Jiminez,* 276 F.3d at 482; *Green v. White,* 223 F.3d 1001, 1003 (9th Cir.2000).

■ Nor is there any basis for this Court to equitably toll the AEDPA's statute of limitations. A habeas petitioner is entitled to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (citation and internal quotation marks omitted); *Espinoza–Matthews v. People of the State of Cal.,* 432 F.3d 1021, 1026 (9th Cir.2005). The petitioner bears the burden of proving: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418, 125 S.Ct. at 1814; *Mendoza v. Carey,* 449 F.3d 1065, 1068 (9th Cir.2006). Additionally, "the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate causes of his untimeliness." *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003) (citations and internal quotation marks omitted); *Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir.2006), *cert. denied sub nom., Belleque v. Kephart,* 549 U.S. 1317, 127 S.Ct. 1880, 167 L.Ed.2d 386 (2007).

■ Here, petitioner claims he is entitled to equitable tolling covering the "time which was lost while [he was] waiting for the Supreme Court's answer to the motion [petitioner] sent on May 16, 2006." Opposition at 4. The Court disagrees. For the reasons detailed above, this claim is spurious, and the Court finds petitioner has not shown he acted diligently in filing his first habeas corpus petition in the California Supreme Court or that the time petitioner claims to have lost while waiting for the Supreme Court's response to his motion caused his untimeliness. *Roy,* 465 F.3d at 969; *Spitsyn,* 345 F.3d at 799.

■ The petitioner also claims he is entitled to equitable tolling due to frequent prison lockdowns in 2006 and 2007, but

---

Court of Appeal. *See* Lodgment nos. 10, 12. Similarly, petitioner's claim that he mailed a motion to dismiss to the California Supreme Court on May 16, 2006, provides no basis for "gap tolling" since, initially, petitioner has presented no competent evidence demonstrating this occurred and, moreover, the motion, as petitioner describes it, *see* Opposition, Attachments B, I at 75, sought dismissal without prejudice of petitioner's habeas corpus petition in the California **Court of Appeal,** *see* Opposition, Attachment B, which had already denied the petition. *Id.* Therefore, petitioner has provided no reasonable explanation for his delay in filing his habeas corpus petition in the California Supreme Court, and he is not entitled to "gap tolling."

this claim is also unsupported by competent evidence and is grossly conclusory.[4] *See*, e.g., *Trenkler v. United States*, 268 F.3d 16, 25 (1st Cir.2001) (conclusory assertions rarely suffice to meet the burden of demonstrating entitlement to equitable tolling); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.) (denying equitable tolling when petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"), *cert. denied*, 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998). Similarly, petitioner's claim that he is entitled to equitable tolling because he had limited law library access, without supporting evidence and proof that limited access caused him to tardily file in the California Supreme Court, is insufficient to meet his burden. *See*, e.g., *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir.2008) ("[A] prisoner's limited access to the prison law library is not grounds for equitable tolling."); *Ruiz v. Poole*, 566 F.Supp.2d 336, 341 (S.D.N.Y.2008) (petitioner not entitled to equitable tolling for alleged lack of access to law library when he proffered no evidence supporting claim).

 Finally, although an actual innocence claim[5] may constitute an "extraordinary circumstance" warranting equitable tolling under the AEDPA, *see Souter v. Jones*, 395 F.3d 577, 599 (6th Cir.2005) ("[E]quitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate."); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000) ("Equitable tolling would be appropriate ... when a prisoner

is actually innocent ...."), or act as an exception to the statute of limitations, *see United States v. Zuno–Arce*, 339 F.3d 886, 890 n. 5 (9th Cir.2003) (petitioner's actual innocence claim "is not in itself a constitutional claim, but would serve only to remove the timeliness bar so that claims may be heard on the merits"), *cert. denied*, 540 U.S. 1208, 124 S.Ct. 1483, 158 L.Ed.2d 132 (2004), "[t]o be credible, [an actual innocence] claim requires petitioner to support his allegations ... with new reliable evidence ... that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 865, 867, 130 L.Ed.2d 808 (1995); *Calderon v. Thompson*, 523 U.S. 538, 559, 118 S.Ct. 1489, 1503, 140 L.Ed.2d 728 (1998); *Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir.2003), *cert. denied*, 541 U.S. 998, 124 S.Ct. 2039, 158 L.Ed.2d 510 (2004); *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir.2002). Here, petitioner has neither presented nor identified any new evidence that could possibly support a claim of actual innocence. *See* Opposition at 7. Therefore, the habeas corpus petition is untimely and must be dismissed. *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 114 (2d Cir.), *cert. denied*, 531 U.S. 873, 121 S.Ct. 175, 148 L.Ed.2d 120 (2000); *see also Sibley v. Culliver*, 377 F.3d 1196, 1206 (11th Cir.2004) (Petitioner's "actual innocence claim is hindered at the outset by a fatal shortcoming—he has not presented any actual evidence to the district court.").

---

**4.** Although petitioner lists alleged prison lockdown dates, *see* Opposition, Attachment I at 75, he has provided no competent evidence supporting this list and has not demonstrated how the lockdowns prevented him from timely filing his habeas corpus petition in the California Supreme Court.

**5.** " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); *Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir.2007); *Souter*, 395 F.3d at 590.

## RECOMMENDATION

For the foregoing reasons, IT IS REC-OMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; and (3) entering Judgment dismissing the petition and action as untimely.

## JUDGMENT

IT IS ADJUDGED that the petition for writ of habeas corpus and the action are dismissed as untimely.